## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MATTHEW CATALDI,** | Civil Case No.: |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **JURY TRIAL DEMANDED** |
| **CNU ONLINE HOLDINGS, LLC.** | |
| Defendant. | |

## INTRODUCTION

1.      This action arises out of Defendant CNU Online Holdings, LLC ("Defendant") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), as well as its intrusion upon Plaintiff Matthew Cataldi's ("Plaintiff") seclusion.

2.      Defendant has placed repeated telephone calls to Plaintiff's cellular telephone without Plaintiff's prior express consent.

3.      All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

4.      These calls continued even after Plaintiff told Defendant to stop calling.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6.      This Court has personal jurisdiction over Defendant because Defendant resides in this District and because the wrongful conduct giving rise to this case occurred in, and emanated, this District.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District.

## PARTIES

8.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

9.     Defendant CNU Online Holdings, LLC. is, and at all times mentioned herein was, an Illinois corporation headquartered at 175 W Jackson Boulevard, Suite 1000, Chicago, Illinois 60604.

10.     Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

## FACTS

11.     Defendant has placed numerous and repeated telephone calls to Plaintiff's cellular telephone number 812-###-6789.

12.     These calls originated from Defendant, primarily from Defendant's number 866-653-2116, which appears to be Defendant's collections department for installment loans.

13.     Plaintiff has never done business with Defendant, nor has he ever taken a loan (installment or otherwise) from Defendant.

14.     All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC regulations and orders. The system(s) used by Defendant has/have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

15.     This is evidenced by the fact that on each of these calls, when Plaintiff answered, he was greeted by a period of silence, typically followed by an audible click/beep before Defendant's system would connect Plaintiff to a live representative. This behavior is indicative of an automatic telephone dialing system.

16.     Plaintiff never gave Defendant his prior express consent to make such calls to his cellular telephone.

17.     In addition, Plaintiff has explained to Defendant that it had the wrong number, and has asked Defendant to stop calling his cellular telephone. Defendant nevertheless has continued to call Plaintiff's cellular telephone.

18.     Plaintiff has suffered actual damages as a result of the Defendant's telephone calls, including, but not limited to, device storage, cellular plan usage, and data usage.

19.     Plaintiff is entitled to actual damages, statutory damages, punitive damages, and injunctive relief.

## FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)

20.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

21.     Defendant placed repeated calls to Plaintiff on his cellular telephone.

22.     These calls all used an automatic telephone dialing system.

23.     Plaintiff did not consent to Defendant placing such calls to his cellular telephone.

24.     Furthermore, Plaintiff told Defendant that it had the wrong number and asked Defendant to stop calling.

25.     The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

26.     Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

27.     Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## SECOND CAUSE OF ACTION
### Invasion of Privacy/Intrusion Upon Seclusion

28.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29.     Separate and apart from Defendant's TCPA violations, Defendant's conduct of calling Plaintiff repeatedly after Plaintiff expressly told Defendant it had the wrong number constituted unreasonable and highly offensive intrusion upon Plaintiff's solitude.

30.     These telephone calls were repeated with such persistence and frequency as to amount to a course of hounding and harassing Plaintiff.

31.     As a result, Plaintiff suffered from annoyance, anger, anxiety, and frustration.

32.     Plaintiff is therefore entitled to an award of actual and compensatory damages.

33.     Plaintiff is also entitled to an award of punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Matthew Cataldi prays for the following relief:

A.     An order declaring that Defendant's actions violate the aforementioned laws and statutes;

B.     An award of injunctive and other equitable relief prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C.     An award statutory damages;

D.     An award of treble damages;

E.     An award of actual damages;

F.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** October 7, 2015

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com